# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NAVAJO NATION,<br>A federally recognized Indian Tribe<br>Navajo Nation Department of Justice<br>P.O. Box 2010<br>Window Rock, Arizona 86515<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF THE INTERIOR<br>1849 C Street, N.W.<br>Washington, D.C.  20240<br><br>    and<br><br>SALLY JEWELL, in her official capacity as Secretary,<br>United States Department of the Interior<br>1849 C Street, N.W.<br>Washington, D.C.  20240,<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND MONEY DAMAGES

1.      This is an action for declaratory and injunctive relief and money damages brought against the United States Department of the Interior ("Department"), and its Secretary for violations of the Indian Self-Determination and Education Assistance Act, P.L. 93-638, as amended and codified at 25 U.S.C. § 450 *et seq.* ("ISDEAA"), and regulations promulgated thereunder, and for Defendants' breach of a contract made under the ISDEAA with Plaintiff Navajo Nation ("Nation"). The Nation submitted to the Bureau of Indian Affairs ("BIA"), an agency of the Department, its annual funding agreement ("AFA") proposal for operations of the Navajo Nation Judicial Branch calendar year ("CY") 2015

pursuant to its self-determination contract, No. A12AV00698 (the "Contract"). This CY 2015 AFA sought a total of $19,130,869 in funding, of which $17,055,517 was sought on the ground that this amount had been deemed approved for CY 2014 because of the Secretary's failure to decline the CY 2014 proposal (for $17,055,517) within the 90-day review period set forth in the ISDEAA and regulations promulgated thereunder. The BIA asserted that it had timely declined the Nation's proposed funding increase for CY 2014, and the BIA partially declined the Nation's proposed AFA for CY 2015 for all funding above $1,296,448 (less an Across the Board reduction of $713). The BIA's actions with respect to the Nation's proposed AFA for CY 2015 violate the ISDEAA and applicable regulations. The Nation is entitled to declaratory and injunctive relief and damages, plus interest pursuant to section 110(a) of the ISDEAA, 25 U.S.C. § 450m-1(a).

## PARTIES

2.  The Nation is a federally recognized Indian Tribe whose reservation is approximately the size of West Virginia and is located in the states of Arizona, New Mexico and Utah. The seat of the Nation's government is located in Window Rock, Arizona.

3.  The Department is an executive department within the United States government whose constituent agencies include the BIA. The Department's headquarters is located in Washington, D.C.

4.  The Secretary has overall responsibility for administering the Department and overseeing its constituent agencies and programs, including the BIA, and contracting with Indian tribes under the ISDEAA. The Secretary's office is located in Washington, D.C.

## JURISDICTION AND VENUE

5.  This is a civil action or claim against the Department and the Secretary arising under the ISDEAA, 25 U.S.C. § 450m-1(a), and this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

6.  Venue in the District of Columbia is proper under 28 U.S.C. § 1391(b) and (e).

## FACTS

7.  The Contract was issued by the Department to the Nation and signed by the Nation and the Department (the "Parties") in 2012 for a five-year term from January 1, 2012 through December 31, 2016.

### The 2014 AFA

8.  The Contract incorporated the CY 2014 AFA for the period January 1, 2014 through December 31, 2014.

9.  In its proposed 2014 AFA, the Nation proposed to administer and perform certain portions of the BIA's Judicial – Tribal Courts program identified in the Scope of Work, attached to the CY 2014 AFA as Attachment A.

10. The 2014 Tribal Court Program Budget Summary for the CY 2014 AFA included the following amounts that were proposed by the Nation as required to fund the tasks and objectives set forth in Attachment B to the AFA:

**Explain or give example on purpose of the budget**

|  | Budget amount |
|---|---|
| To use federal funding to pay personnel for Judicial Branch Employees | $ 9,107,736.00 |
| To provide fringe benefits for Judicial Branch employees | $ 4,215,622.00 |
| To provide for fleet, mileage, meals, lodging, air fare related to program activities | $ 754,241.00 |
| To pay for peacemaking sessions and expenses related | $ 17,000.00 |
| To provide ofc supplies, gen operating supplies, postage custodial, | |

| | |
|---|---|
| printing, photocopying | $   405,613.00 |
| To provide funds for building lease rental and office equipment | $   379,393.00 |
| To provide basic telephone service and internet connectivity | $   468,501.00 |
| To provide for repairs & maintenance of equipment, buildings & IT related services | $ 1,364,662.00 |
| To provide for contractual services related to building issues | $   170,879.00 |
| To cover the general liability insurance for Judicial Branch employees | $   171,870.00 |
| **Total Budget** | $17,055,517.00 |

### Submission and Receipt of the CY 2014 Agreement

11.   The 2014 proposed AFA was hand-delivered to the BIA on October 4, 2013 by the Nation's Principal Contract Analyst, Ronald Duncan, who logged in with a uniformed officer of the BIA at the BIA's Navajo Regional Office and immediately thereafter handed the Nation's 2014 Proposal to Raymond Slim, a BIA ISDEAA Specialist in the BIA's Self-Determination Office, Navajo Regional Office. The BIA does not dispute that Mr. Slim received the proposal on October 4, 2013.

12.   A BIA letter to the Nation dated October 21, 2013 acknowledged the BIA's receipt of the CY 2014 proposal that the Nation had hand-delivered to BIA on October 4, 2013, and additionally stated that "the government was on shutdown from October 1, 2013, through October 16, 2013, which included mail delivery to our office."

### Failure of the Secretary to Act Within the Statutory 90-Day Period

13.   Under the ISDEAA, the Secretary has 90 days after receipt of a contract proposal within which to decline or award it. 25 U.S.C. § 450f(a)(2); 25 C.F.R. § 900.16-.18.

14.   The Nation did not agree to any extension of the 90-day period. Given the date of actual receipt of the proposal by an ISDEAA specialist in the BIA office, the Secretary's deadline to decline or award the Nation's proposed 2014 AFA expired January 2, 2014.

15.     The Secretary did not decline the Nation's proposed 2014 AFA by the statutory deadline of January 2, 2014.

16.     Accordingly, the Nation's CY 2014 AFA, as proposed by the Nation on October 4, 2013, "is deemed approved and the Secretary shall award the contract . . . and add to the contract the full amount of funds pursuant to section 106(a) of the [ISDEAA]." 25 C.F.R. § 900.18; 25 U.S.C. § 450f(a)(2); *Seneca Nation v. Department of Health and Human Services*, 945 F.Supp. 2d 135, 144-45 (D.D.C. 2013), *app. dism'd*, no. 13-5219, 2013 WL 6818212 (D.C. Cir. Dec. 12, 2013).

17.     On January 9, 2014 the BIA untimely requested a 45-day extension, which the Nation did not grant.

18.     On January 15, 2014, the BIA issued an untimely letter to the Nation purporting to partially decline the Nation's 2014 AFA.

19.     On January 27, 2014, the Nation issued a letter to the BIA noting that, under operation of law as of January 3, 2014, the Nation's 2014 AFA was deemed approved as proposed on October 4, 2013.

20.     On February 4, 2014, the BIA issued an untimely letter to the Nation purporting to supplement the reasons for its purported partial declination.

**The Secretary's *Post Hoc* and Unlawful Rationale**

21.     On February 7, 2014, the BIA issued a letter to the Nation contending that the partial shutdown of the federal government from October 1-17, 2013, during which excepted and exempt federal employees continued to work, extended the statutory deadline.

22.     BIA's February 7, 2014 position directly conflicts with the Department's own regulations, which emphasize that the statutory deadline may be extended *only* with the

written consent of the affected tribe. 25 C.F.R. § 900.21 ("As explained in §§ 900.16 and 900.17, a proposal can only be declined within 90 days after the Secretary receives the proposal, unless that period is extended with the voluntary and express written consent of the Indian tribe . . .").

23. The BIA letter of February 7, 2014 also contended that the 90-day statutory period set forth in 25 U.S.C. § 450f(a)(2) was triggered only when a tribal proposal is received by a federal employee who is "authorized to work on the … proposal for the Tribal Courts (Judicial) Services."

24. There is no statutory authority for the BIA's contention that receipt of the Nation's 2014 Proposal by Mr. Slim did not constitute receipt within the meaning of 25 U.S.C. §450f(a)(2).

**The BIA's Attempt to Unilaterally Modify and Alter the CY 2014 Agreement**

25. On February 28, 2014, the BIA issued a letter to the Nation purporting to make an unlawful, unilateral modification of the CY 2014 Agreement by substituting a *2012* Scope of Work for the one actually submitted and proposed by the Nation and by removing the Nation's 2014 Budget Summary proposal from the deemed approved AFA.

26. The Secretary's unlawful, unilateral modification of the CY 2014 AFA and her unlawful, unilateral deletion of the Budget Summary proposal from the AFA well after the declination deadline were both untimely and without legal effect due to the absence of agreement by the Nation.

### The Nation's Law Suit Regarding the CY 2014 Agreement

27. On November 12, 2014, the Nation filed an action in this Court seeking declaratory and injunctive relief and money damages with respect to the CY 2014 Agreement, No. 1:14-cv-01909-TSC. That action is pending.

### The 2015 AFA

28. Meanwhile, on October 9, 2014, the Nation submitted its proposed AFA for CY 2015 to the BIA, with a proposed budget of $19,130,869. Exhibit A.

29. In a letter of November 7, 2014, responding to an inquiry from the BIA, the Nation explained that its prior year CY 2014 AFA seeking $17,055,517 in funding had been deemed approved because of the Secretary's failure to decline the proposal within the 90-day review period. Exhibit B.

30. By a letter of January 6, 2015, the BIA partially declined the Nation's proposed AFA for CY 2015 for all funding above $1,296,448 (less an Across the Board reduction of $713). Exhibit C.

### The Nation's Entitlement to Relief

31. Pursuant to Section 106(b) of the ISDEAA, 25 U.S.C. § 450j-1(b), the amount of funding provided to an Indian tribe under a self-determination contract shall not be reduced by the Secretary in subsequent years except pursuant to— (A) a reduction in appropriations from the previous fiscal year for the program or function to be contracted; (B) a directive in the statement of the managers accompanying a conference report on an appropriation bill or continuing resolution; (C) a tribal authorization; (D) a change in the amount of pass-through funds needed under a contract; or (E) completion of a contracted project, activity, or program.

32. Further, the ISDEAA regulations, at 25 C.F.R. § 900.32, provide that the Secretary may not decline an Indian tribe's proposed successor annual funding agreement, or portions thereof, if it is substantially the same as the prior annual funding agreement (except for funding increases included in appropriations acts or funding reductions as provided in section 106(b) of the Act [25 U.S.C. § 450j-1(b)]).

33. In this case, the BIA may not decline the Nation's proposed AFA for CY 2015 to the extent that it seeks the $17,055,517 provided for CY 2014 by operation of law when the Nation's proposed AFA for CY 2014 was deemed approved.

34. Defendants' failure to provide at least $17,055,517 in funding for the CY 2015 AFA as proposed by the Nation and to timely pay the Nation that amount pursuant to section 106(a) of the Act constitute material breaches of the Department's contractual obligations under the CY 2015 Agreement.

## FIRST CLAIM FOR RELIEF—DECLARATORY JUDGMENT

35. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-35, above, as if fully set forth herein.

36. The Nation's proposed CY 2014 AFA in the amount of $17,055,517 was, as a matter of law, deemed approved upon the expiration of Defendants' 90-day review period, without lawful declination, on January 3, 2014, and as such, became the "Secretarial amount" pursuant to section § 106(a) of the ISDEAA (25 U.S.C. § 450j-1(a)).

37. The Nation is entitled to a judgment declaring that the Nation's proposed AFA for CY 2015 may not be declined to the extent that it seeks the $17,055,517 approved for CY 2014 for substantially the same purpose.

Case 1:16-cv-00012 Document 1 Filed 01/05/16 Page 8 of 10

32. Further, the ISDEAA regulations, at 25 C.F.R. § 900.32, provide that the Secretary may not decline an Indian tribe's proposed successor annual funding agreement, or portions thereof, if it is substantially the same as the prior annual funding agreement (except for funding increases included in appropriations acts or funding reductions as provided in section 106(b) of the Act [25 U.S.C. § 450j-1(b)]).

33. In this case, the BIA may not decline the Nation's proposed AFA for CY 2015 to the extent that it seeks the $17,055,517 provided for CY 2014 by operation of law when the Nation's proposed AFA for CY 2014 was deemed approved.

34. Defendants' failure to provide at least $17,055,517 in funding for the CY 2015 AFA as proposed by the Nation and to timely pay the Nation that amount pursuant to section 106(a) of the Act constitute material breaches of the Department's contractual obligations under the CY 2015 Agreement.

## FIRST CLAIM FOR RELIEF—DECLARATORY JUDGMENT

35. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-35, above, as if fully set forth herein.

36. The Nation's proposed CY 2014 AFA in the amount of $17,055,517 was, as a matter of law, deemed approved upon the expiration of Defendants' 90-day review period, without lawful declination, on January 3, 2014, and as such, became the "Secretarial amount" pursuant to section § 106(a) of the ISDEAA (25 U.S.C. § 450j-1(a)).

37. The Nation is entitled to a judgment declaring that the Nation's proposed AFA for CY 2015 may not be declined to the extent that it seeks the $17,055,517 approved for CY 2014 for substantially the same purpose.

## SECOND CLAIM FOR RELIEF—INJUNCTION

38. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-38, above, as if fully set forth herein.

39. Under 25 U.S.C. § 450m-1(a), this Court may order appropriate relief including money damages, injunctive relief against any action by an officer of the United States or any agency thereof contrary to the ISDEAA, or mandamus to compel a federal officer or employee to perform a duty imposed by the ISDEAA, "including immediate injunctive relief to reverse a declination finding under [25 U.S.C. §] 450f(a)(2) . . . or to compel the Secretary to award and fund an approved self-determination contract."

40. The Nation is entitled to a judgment compelling the Secretary to sign, award, and fund the CY 2015 AFA in the amount of $17,055,517.

## THIRD CLAIM FOR RELIEF—BREACH OF CONTRACT

41. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-41, above, as if fully set forth herein.

42. Defendants were obligated to award and fund the CY 2015 AFA in the amount of at least $17,055,517. Defendants failed to do so, paying only $1,296,448, and thereby breached the CY 2015 Agreement.

43. Because Defendants breached the CY 2015 Agreement, the Nation is entitled to an award of damages in the amount of $15,759,069 plus interest, plus reasonable fees and expenses, including attorneys' fees pursuant to 25 U.S.C. § 450m-1(a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Nation respectfully requests that the Court enter judgment in favor of the Nation and against Defendants:

A. Declaring that the CY 2015 AFA may not be declined to the extent that it seeks $17,055,517 because that request is substantially the same as the AFA that was deemed approved for CY 2014;

B. Compelling the Secretary to sign, award and fund the CY 2015 AFA in the amount of $17,055,517;

C. Awarding damages on the CY 2015 AFA to the Nation in the amount of $15,759,069, plus interest, expenses, and fees, including reasonable attorneys' fees; and

D. Granting the Nation such other relief as the Court deems just and proper.

Dated this 5th day of January, 2016.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ Paul J. Kiernan
Paul J. Kiernan (D.C. Bar No. 385627)
Philip Baker-Shenk (D.C. Bar No. 386662)
Steven D. Gordon (D.C. Bar No. 219287)
800 17th Street, N.W., Suite 1100
Washington, D.C.  20006
Tel: (202) 955-3000
Fax: (202) 955-5564

Attorneys for Plaintiff the Navajo Nation